IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN JAMES MANNING, §<br>　　Plaintiff, §<br>§<br>v. §<br>§<br>FNU CHURCH, et al., §<br>　　Defendants. § | No. 3:23-cv-01209-E (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kevin James Manning filed this *pro se* civil rights action under 42 U.S.C. § 1983 when he was an inmate at Henderson County Jail. The Court granted Manning leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. Ord. (ECF No. 10). For the reasons stated, the Court should dismiss this civil action under 28 U.S.C. § 1915A and 1915(e)(2)(B).

**Background**

In his initial submission, entitled "Motion for Class Action Certification," Manning claims that Defendant "Church framed" him. Compl. 1 (ECF No. 2). He also alleges that the "District Attorney hypothesized Manning from the DA's office in the Kaufman County Courthouse;" the "City of Kaufman Police department manufactured charge [sic] [on] 5-1-2021;" and "Joseph Russell lied under oath [sic] intentionally made a false claim [on] 11-23-2021." *Id.* Manning further claims that

1

"Kaufman County Sheriff's department removed credentials Prior to [the] 5-1-2021 arrest." *Id.* Manning then proposes that the Kaufman County Courthouse will notify those in the "class action." *Id.*

In response to an Order and Notice of Deficiency (ECF No. 4) advising Manning that his initial submission did not comply with Federal Rule of Civil Procedure 8(a), Manning filed an amended complaint (ECF No. 6) on the court-approved form. In his amended complaint, Manning named only the Kaufman County Courthouse as a defendant. Am. Compl. 1, 3 (ECF No. 6). Manning alleges that the Kaufman County Courthouse placed him on "hold for competency" due to "mental health" and "made several false claims." *Id.* Manning also makes allegations against the City of Kaufman Police Department, but he does not name the Police Department as a defendant. *Id.* at 4. Manning claims that he was subjected to "false imprisonment," a conviction, and then sentenced. *Id.* Manning summarily refers to "Federal Habeas Corpus" and a "Federal hearing" "that was irrelevant to the Texas Supreme Court document." *Id.*

Manning also filed a response to a Magistrate Judge Questionnaire (MJQ), Resp. (ECF No. 31), in which he states he is seeking a total of $5 million, or $1 million "from each of Five defendants." Resp. 4 (ECF No. 31); *see also* Am. Compl. 4 (claiming he seeks to "[r]ecover lost monies").

**Legal Standards**

Because Manning was incarcerated at the time he filed this action, *see* Compl. 2 (the envelope bearing Manning's original submission shows a return address for Henderson County Jail), his case is subject to preliminary screening under 28 U.S.C. § 1915A. *See Sutherland v. Akin*, 2021 WL 462103, at *5 n.2 (N.D. Tex. Feb. 9, 2021) ("Because Sutherland was a 'prisoner' as defined under § 1915A(c) at the time he filed this lawsuit, the screening provisions apply despite his subsequent release.") (citing *Johnson v. Hill*, 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997)). Section 1915A provides, in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when "it lacks an arguable basis in law or fact." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

3

A court can dismiss a claim as "factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Caldwell v. Raines*, 2022 WL 2209932, at *2 (N.D. Tex. June 21, 2022). A complaint lacks an arguable basis in the law when it relies on an "indisputably meritless legal theory." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *see also Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993) (a claim is frivolous if it lacks an arguable basis in law or in fact).

The Court liberally construes Manning's pleadings with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); Cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). But even under this liberal standard, Manning's case is frivolous and should be dismissed.

## Analysis

Manning's amended complaint, which is the operative pleading, *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."), contains illogical and irrational allegations.

4

Where the amended complaint form asks for acts or omissions that harmed the plaintiff, Manning alleges that the Kaufman County Courthouse engaged in a "Security Fraud Act," "Confidential Pleas for life different court," "Rewrote Federal Habeas Corpus," and the "False Claim act." Am. Compl. 3. Manning alleges that there were "3 file names Same Texas trial # time served 1244B felonies." *Id.* Manning also claims that "Mental health placed hold for competency and made several false claims." *Id.* These allegations are factually frivolous.

In addition to the amended complaint, Manning also filed numerous motions that are nonsensical. For instance, Manning filed two motions mentioning class certification. *See* (ECF No. 22 at 1) ("Motion to Certify, Certified Questions. Motion to certify question, who prepared and filed King of Kings paperwork[?]"; (ECF No. 35 at 1) (designated as a "Motion to certify class action settlement Manning v Mental Health"). He also filed a motion "[r]equesting [a] copy of [his] State of Texas Drivers license," (ECF No. 34 at 1), and a motion seeking his mental health records.[1] (ECF No. 17.)

In sum, the Court can discern no arguable basis in law or fact supporting any of Manning's allegations. His civil action is thus frivolous, and the Court should dismiss his case under §§ 1915A and 1915(e)(2)(B).

---

[1] On July 6, 2023, the Court denied the motion on the basis that Manning failed to show his mental health records had any relevance to this civil rights case. (ECF No. 21.)

5

## Leave to Amend

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes,* 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester,* 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims,* 2001 WL 627600, at *2. "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 768 (5th Cir. 2009) (citation omitted).

Here, Manning filed an amended complaint. The Court also gave him a chance to clarify his claims through his responses to an MJQ, which is a valid way for a *pro se* litigant to develop his claims. *See, e.g., Nixon v. Abbott,* 589 F. App'x 279 (5th Cir. 2015) (per curiam). Manning has had an opportunity to plead his best case, and further leave to amend is not necessary or warranted.

Moreover, Manning's lawsuits are approaching a level of vexatiousness. He has filed six cases in Texas federal courts since May 2023, and several of those cases have been dismissed with prejudice as frivolous

6

or for failure to state a claim.[2] Indeed, several of his cases apparently attempt to assert claims against actors in Kaufman County. The Court should not give Manning a further opportunity to advance frivolous legal theories.

## Conclusion

The Court should DISMISS Manning's civil action under 28 U.S.C. § 1915A and 1915(e)(2)(B) as frivolous. The dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

---

[2] *Manning v. Kaufman Cnty. Sheriff's Office*, Case No. 3:23-cv-2272-B-BN (N.D. Tex. Nov. 22, 2023) (case dismissed with prejudice for failure to state a claim); *Manning v. U.S. Federal Judges*, Case No. 3:23-cv-2165-S-BK (N.D. Tex. Nov. 22, 2023) (case dismissed without prejudice for improper venue); *Manning v. Kaufman Constables Office, et al.*, Case No. 3:23-cv-2064-G-BK (N.D. Tex. Nov. 30, 2023) (some claims dismissed without prejudice for improper venue and the remaining claims dismissed with prejudice as frivolous and for failure to state a claim); *Manning v. Federal Gov. et al.*, Case No. 1:23-cv-1123-RP (W.D. Tex. Sept. 21, 2023) (case dismissed with prejudice as malicious and frivolous); *Manning v. United States of America*, Case No. 1:23-cv-1033-RP (W.D. Tex. Sept. 20, 2023) (case dismissed with prejudice as frivolous); *Manning v. Kaufman Constables Office, et al.*, Case No. 4:23-cv-03361 (S.D. Tex. Sept. 14, 2023) (case transferred to the Northern District of Texas, Dallas Division).

[3] The "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. *See Jackson v. Johnson,* 475 F.3d 261, 265 (5th Cir. 2017). The three-strikes provision of § 1915(g) applies to this case even though Manning was released from custody after he filed it. *See Mendoza v. Atwell,* 2020 WL 8514099, at *1 n.1 (S.D. Tex. Sept. 21, 2020), *rec. adopted,* 2021 WL 514306 (S.D. Tex. Feb. 11, 2021).

**SO RECOMMENDED**.

December 26, 2023.

                                          _____
                                          REBECCA RUTHERFORD
                                          UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).